

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| STEVE MICHAEL COX,<br>#40295 | ) | |
| Plaintiff, | ) | 3:12-cv-00017-RCJ-VPC |
| vs. | ) | **ORDER** |
| JACK PALMER, *et al.*, | ) | |
| Defendants. | ) | |

On January 18, 2012, this court issued an order directing plaintiff to file an amended civil rights complaint pursuant to 42 U.S.C. § 1983 on the court-approved form (ECF #3). The Clerk sent plaintiff the form on January 19, 2012 (*see* ECF #3).

Plaintiff has now filed several motions. The court first considers his motion for appointment of counsel (ECF #4). A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of*

*Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the plaintiff's ability to articulate his claims in pro se in light of the complexity of the legal issues involved. Neither factor is dispositive, and both must be viewed together in making a finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(citing *Wilborn, supra,* 789 F.2d at 1331). The district court has considerable discretion in making these findings. Here, the court directed plaintiff to re-file his complaint on the court-approved form because it is illegible. Thus, the court has no substantive basis to review this motion for counsel, and plaintiff's motion provides none. This motion is denied.

Next, plaintiff has filed a motion for "adequate/additional monetary legal supplies and photo copywork credits to access court/conclude this case" (ECF #5). This motion is denied. As with similar–if not identical–motions in other cases filed by plaintiff, he has not identified a specific need for copying or legal supplies other than "to conclude the case." However, the Nevada Department of Corrections shall credit plaintiff $5.00 in copying fees and provide–if needed and upon plaintiff's request–five sheets of paper, a pen and an envelope only in the event that plaintiff needs to file a motion for copying or for legal supplies for a specific purpose in this case only. The copying funds and legal supplies shall be used for no other purpose.

Next, plaintiff has filed an "urgent" motion for ambulatory aid/assistance (ECF #6). This is another motion that plaintiff typically files in his cases, and it is denied here. If plaintiff seeks immediate action by this court he shall file a motion for injunctive relief or temporary restraining order in accordance with Rule 65 of the Federal Rules of Civil Procedure.

Plaintiff has also filed a motion to amend his complaint (ECF #12), motion for discovery of unserved defendants (ECF #7), motion for leave to file excess pages (ECF #13), and motion to amend defendants (ECF #14), despite the fact that the court has already directed plaintiff to file an amended complaint (*see* ECF #3). Accordingly, these four motions are denied. Plaintiff shall file an amended

complaint that sets forth all factual allegations against all defendants (including adding or omitting defendants). If plaintiff still finds that he must seek leave to file excess pages, he shall file such a motion and attach his proposed complaint to that motion. Plaintiff is cautioned that his amended complaint should set forth clear, concise factual allegations and that this court may reject a complaint that is vague, needlessly lengthy, rambling or otherwise indecipherable.

Finally, plaintiff's motion for extension of time to file his amended complaint (ECF #15) is granted. Plaintiff shall have up to and including thirty (30) days from the date this order is entered to submit his amended complaint.

**IT IS THEREFORE ORDERED** that the following motions filed by plaintiff: motion for appointment of counsel (ECF #4); motion for adequate additional monetary legal supplies and photo copywork credits (ECF #5); motion for urgent prescribed ambulatory aid/assistance (ECF #6); motion for discovery of unserved defendants (ECF #7); motion to amend complaint (ECF #12); motion for leave to file excess pages (ECF #13); and motion to amend defendants (ECF #14) are **all DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to file his amended complaint (ECF #15) is **GRANTED**. Plaintiff shall have thirty (30) days from the date of this order to submit a legible complaint on this court's approved form.

DATED this 8th day of February, 2012.

_____
UNITED STATES MAGISTRATE JUDGE