# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL STEVE COX, | 3:12-cv-00017-RCJ-VPC |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| | **OF U.S. MAGISTRATE JUDGE** |
| JACK PALMER, *et al.*, | |
| Defendants. | January 24, 2013 |

This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for a temporary restraining order (#39).[1] Defendants opposed (#42) and plaintiff replied (#44). The court has thoroughly reviewed the record and recommends that plaintiff's motion for a temporary restraining order (#39) be denied.[2]

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Michael Steve Cox ("plaintiff"), a *pro se* inmate, is currently incarcerated at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#39, p. 6). On February 16, 2012, plaintiff filed a first amended civil rights complaint, pursuant to 42 U.S.C. § 1983, alleging prison officials and others violated his First, Eighth, and Fourteenth Amendment

---

[1] Refers to the court's docket numbers.
[2] Plaintiff's motion for a temporary restraining order (#39) is actually titled, "Motion/Affidavit in support of 'Emergency TRO' request (per order #28) for protections order(s) (video tapings) against direct physical/sexual threats, denied urgent! Medical cares, with illegal 'kneel down orders.' of disable(s), and destructions of legal/personal mails by ESP unit 4B officers (FRCP 65(a))."

-1-

rights (#21). The court screened plaintiff's first amended complaint, pursuant to 28 U.S.C. § 1915A, and permitted plaintiff's Eighth Amendment claims against defendants Victor Hicks, E.K. McDaniel, Richard Rimington, Judith Hebert, Michael Koehn, Charles Mahakian, and Gregory Martin to proceed (#25, p. 10).

In plaintiff's first amended complaint, he alleges that defendant Rimington, who was aware that plaintiff uses aids such as a quad cane or wheelchair, refused to provide plaintiff with ambulatory assistance to attend a telephonic legal conference (#21, p. 20). Plaintiff alleges that defendant Rimington refused ambulatory assistance on orders by defendants McDaniel, Koehn, and Martin. *Id.* Plaintiff asserts that after defendant Rimington handcuffed plaintiff behind his back, he fell, breaking several ribs and dislocating his hand and thumb. *Id.* at 21. Thereafter, defendants Koehn, Martin, Hebert and Mahakian delayed examining or treating plaintiff for one day (at which point he received a chest x-ray) and placed plaintiff on suicide watch. *Id.* at 23. Defendant Hicks also apparently denied medical treatment. *Id.*

On August 27, 2012, plaintiff filed his motion for a temporary restraining order (#39). In plaintiff's motion he sets forth various factual allegations pertaining to events which occurred after plaintiff filed the current lawsuit. Plaintiff alleges that several non-defendant NDOC employees have retaliated against him for filing the present lawsuit by engaging in racist hate crimes. Specifically, plaintiff asserts that these employees have thrown plaintiff face-down into a "filthy, stinking, infectious" shower stall, have threatened to transfer plaintiff to the mental health unit, have inconsistently applied "kneel down orders," and have violated two court orders to provide plaintiff with ambulatory aid[3] (#39, pp. 2-3, 8). Plaintiff also asserts that on April 19, 2012, non-defendant

---

[3] Plaintiff refers to 3:08-cv-00663 (#128) and 3:08-cv-00110 (#26). In case no. 3:08-cv-00663, plaintiff's motion for ambulatory assistance was denied. In case no. 3:08-cv-00110, the court ordered ESP officials to provide plaintiff with ambulatory assistance for the limited purpose of having plaintiff attend his scheduled telephonic hearings.

NDOC correctional officers dragged plaintiff 400 to 600 yards on concrete behind an illegal wheelchair in an attempt to murder him; and that on August 13, 2012, unspecified NDOC correctional officers placed plaintiff in wrist and arm restraints for four to six hours, even though plaintiff was secured in a glass holding cell. *Id.* at 4, 7. Plaintiff further asserts that a non-defendant NDOC correctional officer sexually harassed him and then retaliated against him for refusing to give in to the officer's sexual advances. *Id.* at 6-7. Plaintiff requests a "video-taped record" of all of his "in-cell/out of cell encounters with ESP/MAX and unit 4B (12) officers." *Id.* at 2, 9.

Defendants oppose plaintiff's motion for a temporary restraining order on the grounds that: (1) plaintiff has not established a relationship between the alleged injuries for which he seeks injunctive relief and the conduct alleged in the complaint; (2) the court has already denied plaintiff's motion for ambulatory aid; and (3) even if plaintiff's allegations are related to the pending lawsuit, plaintiff does not meet the standard for a temporary restraining order or preliminary injunction (#42, pp. 3-5).

The court notes that plaintiff is proceeding *pro se*. "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II.  DISCUSSION & ANALYSIS

### A. Legal Standards

#### 1. Temporary Restraining Order

A temporary restraining order is available when the applicant may suffer irreparable injury before the court can hear the application for a preliminary injunction. *See* Fed.R.Civ.P. 65(b); 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2951

(2d ed. 1995). Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. of California v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977); *Los Angeles Unified Sch. Dist. v. U.S. Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981).

### 2.     **Preliminary Injunction**

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Its sole purpose is to preserve the status quo ante litem (the status that existed before the lawsuit) pending a determination of the case on the merits. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009); 11A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 2947 (2d ed. 1995) ("[A] preliminary injunction . . . is issued to protect the plaintiff from irreparable injury and to preserve the court's power to render a meaningful decision after a trial on the merits."). A plaintiff seeking a preliminary injunction must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted); *Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citation omitted).

An even more stringent standard is applied where mandatory, as opposed to prohibitory preliminary relief is sought. The Ninth Circuit has noted that although the same general principles inform the court's analysis, "[when] a party seeks mandatory preliminary relief that goes well

beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984). Thus, an award of mandatory preliminary relief should not be granted unless both the facts and the law clearly favor the moving party and extreme or very serious damage will result. *See Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979). "[I]n doubtful cases" a mandatory injunction will not issue. *Id.*

Finally, the Prison Litigation Reform Act ("PLRA") mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, section 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a) . . . operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

**B.     Analysis**

The court finds that plaintiff seeks to enjoin conduct which is unrelated to his underlying lawsuit. The Supreme Court has found that a preliminary injunction is appropriate to grant relief of the "same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945). A court may not issue an injunction in "a matter lying wholly outside the issues in the suit." *Id.* Although the Ninth Circuit has not addressed this issue directly, other circuits

have repeatedly held that a plaintiff seeking injunctive relief must show "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010) (no preliminary injunction where motion for relief was based on facts and circumstances entirely different from initial claim); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (same).

Courts use injunctive relief to address issues related to the underlying violations presented in the complaint.  In plaintiff's first amended complaint, he alleges that defendant Rimington refused to provide him with ambulatory assistance; and as a result, plaintiff fell, breaking several ribs and dislocating his hand and thumb (#21, pp. 20-21).  Thereafter, defendants Koehn, Martin, Hebert, Mahakian and Hicks delayed and/or denied appropriate medical treatment in violation of the Eighth Amendment.  *Id.* at 23.  However, in plaintiff's motion for a temporary restraining order, he alleges that various non-defendant NDOC personnel retaliated against him for filing the present lawsuit by throwing him face-down into a non-handicapped accessible shower stall, threatening to transfer him to the mental health unit, inconsistently applying "kneel down orders," dragging him behind an "illegal" wheelchair, applying wrist restraints when unnecessary, and sexually harassing him (#39, pp. 2-4, 6-8).

The court finds these factual allegations are unrelated to plaintiff's Eighth Amendment claim in his first amended complaint.  Plaintiff makes no attempt to show how the non-defendant NDOC employees' alleged recent retaliatory acts are connected to plaintiff's claim for deliberate indifference to his medical needs.  Further, plaintiff is unclear concerning his requested relief.  It appears that plaintiff is asking the court for a mandatory injunction ordering ESP prison officials to video-tape every encounter plaintiff has with correctional officers in unit 4B.  Presumably, plaintiff

requests these video-taped recordings for use in future civil rights litigation—not to preserve the status quo pending a determination of plaintiff's case on the merits. New, unrelated complaints are properly lodged using the prison grievance system, and if they remain unresolved, by filing a new action.[4]

Although plaintiff's allegation that non-defendant NDOC personnel failed to provide him with ambulatory aid is marginally related to his underlying Eighth Amendment claim (defendant Rimington also failed to provide plaintiff with ambulatory aid), the court notes that plaintiff makes these allegations against individuals who are not named as parties in this lawsuit. Courts may not rule on the rights of persons not currently before them. *Zepeda v. U.S. Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Plaintiff's motion for a temporary restraining order does not mention the remaining defendants. Instead, plaintiff asserts that correctional officers Silverstein, Wakashima, Ramsey, Davis, and Pugh gave plaintiff conflicting "kneel down orders." As these correctional officers are not parties to plaintiff's lawsuit, the court may not fashion injunctive relief ordering them to provide plaintiff with ambulatory aid or to refrain from issuing "kneel down orders."

The court does not have jurisdiction to decide plaintiff's motion for a temporary restraining order, as his motion alleges different claims than the claim in his first amended complaint and involves individuals who are not defendants in the present lawsuit. Due to these procedural deficiencies, the court will not undertake a full analysis of plaintiff's request for injunctive relief.

---

[4] It also appears that plaintiff is asking the court for a judicial declaration that he is not subject to correctional officers' "kneel down orders." However, these allegations are unrelated to the only underlying issue in this litigation—whether plaintiff received constitutionally adequate medical care for his broken ribs and dislocated hand and thumb.

However, the court notes that plaintiff does not attempt to meet the standard for granting injunctive relief and does not discuss how he meets the four temporary restraining order/ preliminary injunction requirements.

The court recommends that plaintiff's motion for a temporary restraining order (#39) be denied because the allegations in plaintiff's motion are not related to the allegations in the underlying lawsuit and involve individuals who are not defendants in the present lawsuit. Furthermore, plaintiff has not demonstrated that he is likely to succeed on the merits, that he is likely to suffer irreparable harm related to his underlying claim, that the balance of equities tips in his favor, or that an injunction is in the public interest.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court recommends that plaintiff's motion for a temporary restraining order (#39) be **DENIED**.  The parties are advised:

1.　　Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.　　This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

IV.     RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for a temporary restraining order (#39) be **DENIED**.

**DATED:** January 24, 2013.



UNITED STATES MAGISTRATE JUDGE