UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| MICHAEL STEVE COX, | ) | 3:12-cv-00017-RCJ-VPC |
| Plaintiff, | ) | |
| | ) | **MINUTES OF THE COURT** |
| v. | ) | |
| JACK PALMER, *et al.*, | ) | |
| | ) | August 14, 2013 |
| Defendants. | ) | |

PRESENT:     THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:     LISA MANN     REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is plaintiff's motion for voluntary dismissal of civil complaint without prejudice (#121).[1]  Defendants opposed (#122) and plaintiff did not reply.  Plaintiff asks the court to dismiss his action without prejudice so that he may re-file the action with the assistance of private counsel at some unspecified time in the future.

Fed.R.Civ.P. 41(a)(2) provides that after a defendant has answered a plaintiff's complaint or filed a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion.  *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996) (quotation omitted).

The court notes that defendants filed their motion for summary judgment on February 25, 2013 (#97).  Plaintiff failed to file an opposition, despite the fact that the court *sua sponte* granted plaintiff an extension of time to do so.  Plaintiff claims that it was impossible for him to oppose defendants' motion for summary judgment due to inadequate legal supplies and other irrelevant reasons.  However, the court notes that since defendants filed their motion for summary judgment, plaintiff has filed two objections to court orders (#102, #112), ten motions (#103, #107, #108, #113/114, #115, #119, #120, #121, #123, #125) and one notice of appeal

---

[1] Refers to the court's docket numbers.

(#104).  Accordingly, the court finds that there is no reason that plaintiff could not have filed an opposition to defendants' motion for summary judgment.

To dismiss plaintiff's complaint without prejudice at this late stage in the litigation would be highly prejudicial to defendants.  See *Westlands*, 100 F.3d at 96 ("When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal.") (citations omitted).

Accordingly, and for good cause appearing, plaintiff's motion for voluntary dismissal of civil complaint without prejudice (#121) is hereby **DENIED**.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By:_____/s/_____
     Deputy Clerk